**FEDERAL PUBLIC DEFENDER**
NORTHERN DISTRICT OF CALIFORNIA
19TH FLOOR FEDERAL BUILDING - BOX 36106
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

**BARRY J. PORTMAN**
*Federal Public Defender*

Telephone (415) 436-7700
Fax (415) 436-7706

October 2, 2007

<u>Via Hand Delivery</u>

The Honorable Edward M. Chen
United States District Court
 for the Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, California 94102

      Re:    *United States v. Oscar Mendizabal Cuya*
              Case No. 3-07-70584 EMC

Dear Judge Chen:

      I write requesting summary sentencing for Mr. Mendizabal-Cuya tomorrow, October 3, 2007, following the change-of-plea hearing currently scheduled for 9:30 a.m. The government has been informed of my request, and had no opposition to the defendant's request. The reason for the request is that the government and the defense are jointly requesting one week of imprisonment, after which the defendant will be placed in Immigration custody. If Mr. Mendizabal-Cuya is required to go through the Presentence process, he will be in custody for at least 60 days.

      The government and the defendant stipulate and agree that, according to the CLETS printout, Mr. Mendizabal Cuya has one prior conviction for misdemeanor burglary from August, 2005 out of San Francisco court. This places Mr. Mendizabal-Cuya in Criminal History category I. He was sentenced to 17 days in custody and three years of probation for that case, but the sentence was suspended. Had the probation sentence from the 2005 conviction been imposed, the defendant would have received two points under the USSG for committing the instant offense while on probation (U.S.S.G § 4A1.1(d)). However, since the sentence on his 2005 misdemeanor burglary conviction was suspended, he was not actually on probation when this offense took place. So the Court should not add two points for being on probation during the commission of the instant offense. As such, Mr. Mendizabal Cuya will only receive one point for the 2005 conviction, placing him in a Criminal History category of 1.

      It should also be noted that under the Plea Agreement, the parties stipulate that Mr. Mendizabal-Cuya's adjusted Guideline range is Offense Level 4. As such, the proposed sentence of 1 week of jail time is within the correct Guideline range, regardless of whether or not the

The Honorable Edward M. Chen
October 2, 2007
Page 2

defendant is placed in Criminal History category I, II, or III. The corresponding range of 0-6 months would result, even if the defendant had up to six criminal history category points. As such, the parties are comfortable proceeding forward with summary sentencing tomorrow and believe the Court has sufficient information to meaningfully exercise its sentencing discretion without a Presentence Report.

It is my understanding that the government will be submitting the proposed Plea Agreement today for the Court's review. Thank you in advance for your consideration of the parties request for summary sentencing.

Respectfully yours,

BARRY J. PORTMAN
Federal Public Defender

/S/

ELIZABETH M. FALK
Assistant Federal Public Defender


cc:     Wendy Thomas
        Assistant United States Attorney